# United States Court of Federal Claims

No. 18-878 C
Filed: August 31, 2018

_____

**IMPACT RESOURCES, INC.,**

    *Plaintiff,*

v.

**UNITED STATES OF AMERICA,**

    *Defendant,*

v.

**TACTICAL EDGE, INC.,**

    *Defendant-Intervenor.*

_____

**ORDER AND OPINION GRANTING DEFENDANT'S AND DEFENDANT-INTERVENOR'S CROSS-MOTIONS FOR JUDGMENT, DENYING PLAINTIFF'S MOTION FOR JUDGMENT, AND FINDING AS MOOT DEFENDANT'S MOTION TO STRIKE**

    Plaintiff, Impact Resources, Inc. (d/b/a IR Technologies), brings this post-award bid protest seeking a permanent injunction against an agency award to intervenor, Tactical Edge, Inc. The primary issue is whether the United States Marine Corps failed to follow Federal Acquisition Regulation ("FAR") 15.206 when it declined to amend the solicitation in this procurement. FAR 15.206 states, "[w]hen, either before or after receipt of proposals, the Government changes its requirements, or terms and conditions, the contracting officer shall amend the solicitation." The Administrative Record shows that the contracting officer's decisions with respect to this procurement were proper; we must therefore deny plaintiff's motion.

## BACKGROUND

    This case involves the award of an "indefinite delivery/indefinite quantity" ("IDIQ") contract to provide post-deployment support services for four interconnected logistical information technology systems for the Marine Corps ("the agency"). The four

systems are: the Common Logistics Command and Control System, the Transportation Capacity Planning Tool, the Storage Retrieval Automated Tracking Integrated System ("STRATIS"), and Air Fortress secure wireless.

Prior to this procurement, these systems were supported through separate contracts. Plaintiff is the incumbent for the first two programs. CGI Federal, Inc., a subcontractor for intervenor, is the incumbent for STRATIS, which uses Air Fortress to operate. The new IDIQ contract has a sixty-month ordering period, consisting of a base year and four option years. Proposals were due on April 28, 2017.

The agency evaluated proposals through a best value determination considering five factors: (1) Innovation Approach, (2) Technical Approach, (3) Management Approach, (4) Past Performance, and (5) Price. The non-price factors, when combined, were significantly more important than price; Factors 1 and 2 were the most important.

Of the thirteen competing bidders, only plaintiff and intervenor submitted eligible proposals. Intervenor received "outstanding" ratings for Factors 1 and 2, a "good" rating for Factor 3, and a "very relevant/substantial confidence" rating for Factor 4. By contrast, plaintiff's ratings were "good," "outstanding," "acceptable," and "relevant/satisfactory confidence," respectively. Intervenor's total evaluated price was $32,828,605, while plaintiff's was $40,043,529.90. The agency determined that intervenor had both a technically superior proposal and a lower total evaluated price compared to plaintiff. The agency awarded the new, IDIQ contract to intervenor on February 14, 2018.

Prior to award, in November of 2017, plaintiff requested that the contracting officer amend the solicitation to reflect what plaintiff characterized as "changed requirements." Plaintiff stated that "published program schedules and conversations with program personnel indicate that the [agency] intends to replace STRATIS with the Tactical Warehouse Management System ("WMS") and replace Air Fortress with HP Aruba equipment during the first quarter of FY 2019." Plaintiff felt that, for pricing and investment reasons, the contract should not have required support for STRATIS if the agency ultimately would eliminate the program.

Plaintiff did not disclose from whom it received this information, but the contracting officer was "aware of a recently awarded sole source task order with Oracle to provide a [warehouse management system] module within the Oracle EBS used by the Marine Corps." This task order was issued to Oracle on July 31, 2017.

The contracting officer declined to amend the solicitation. Instead, the Business Clearance Memorandum shows that, in response to plaintiff's request, the contracting officer reviewed the "current requirement to support the STRATIS program and the point in time when the replacement [Warehouse Management System] would potentially be

available to replace STRATIS . . . ." The contracting officer noted that, based on the period of performance of the Oracle Task Order, the replacement WMS would be "delivered no earlier than one year after the contract award for the current solicitation." The IDIQ was awarded on February 14, 2018, and the period of performance for the Oracle Task Order ends February 28, 2019, after the base ordering period is over.

The contracting officer further stated that even after delivery of the Oracle WMS, there would "still be a needed period of overlap" between the Oracle system and STRATIS. The contracting officer also discussed the matter with the project's Program Manager, who "[was] still open to maintaining a STRATIS alongside a WMS if there was an affordable and beneficial feature within STRATIS that was not provided by the WMS."

Finally, the contracting officer determined that the solicitation could not be amended "because there was no specific requirement to transition from STRATIS to WMS that could be used to prepare an amendment." In particular, "there was no definite time that could be stated in an amendment specifying when STRATIS would no longer be needed" and STRATIS "would potentially still remain a useable program if it provided an innovative capability at a reasonable cost that was not provided by WMS."

## LEGAL STANDARD

We review the contracting officer's decision not to amend the solicitation under the Administrative Procedures Act standard. An award may be set aside only if "(1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure." *Impresa Construzioni Geom. Domenico Garufi v. United States*, 238 F.3d 1324, 1332 (Fed. Cir. 2001).

When a protest alleges that an agency's decision lacks a rational basis, "the test is 'whether the contracting agency provided a coherent and reasonable explanation of its exercise of discretion, and the disappointed bidder bears a "heavy burden" of showing that the award decision had no rational basis.'" *Banknote Corp. of Am., Inc. v. United States*, 365 F.3d 1345, 1351 (Fed. Cir. 2004) (citations omitted).

To prevail, plaintiff also must show it was prejudiced by the agency's alleged error.

## DISCUSSION

A review of the Administrative Record shows that the contracting officer's decision not to amend the solicitation was reasonable. Plaintiff has not shown that the solicitation's requirements changed. The Record shows that while STRATIS may have been phased out eventually, proposals needed to include support for the program for at least the first year of the IDIQ. The potential Oracle replacement WMS would be delivered no sooner than

one year after contract award, and even after delivery, there would "still be a needed period of overlap" between the Oracle system and STRATIS.

Moreover, the Record shows that a STRATIS phase out was not certain because it could have remained viable after delivery of the Oracle replacement WMS. The Program Manager "[was] still open to maintaining a STRATIS alongside a WMS if there was an affordable and beneficial feature within STRATIS that was not provided by the WMS."

Additionally, plaintiff has not shown that it suffered prejudice because of the alleged error or demonstrated how intervenor could have benefited from the agency's decision. It merely argues that "[h]ad the Marine Corps amended the solicitation to reflect its changed needs, there would be no award to Tactical Edge and Impact Resources would have the opportunity to compete for the amended solicitation."

As defendant noted, even if the STRATIS and Air Fortress requirements were removed from the solicitation, this would result in a lower price for both intervenor and plaintiff, preserving intervenor's price advantage. The basis for price difference was plaintiff's pricing for another program. Price is also the least significant factor for evaluation, and plaintiff does not challenge intervenor's overall superior technical ratings.

## CONCLUSION

The contracting officer did not commit error by declining to amend the solicitation; his decision is supported by the Record. Moreover, plaintiff has not shown prejudice from the contracting officer's decision.

Defendant's and defendant-intervenor's Motions for Judgment on the Record are **GRANTED.** Plaintiff's Motion for Judgment on the Record is **DENIED.** Defendant's Motion to Strike plaintiff's attachments to its Motion for Judgment is **MOOT** and therefore **DENIED**. Plaintiff's Motion for Oral Argument is **DENIED**. Plaintiff's Motion for Leave to File a Third Declaration of Henry Friedman is **DENIED**.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*
Robert H. Hodges, Jr.
Senior Judge